IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06CV78-1-MU

| | |
|---|---|
| MICHAEL GARY BINGHAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| SUPT. CLIFFORD JOHNSON, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court upon Respondent's Motion for Summary Judgment, filed June 20, 2006.

Upon a review of the record, the arguments, and applicable authorities, the Court finds that Respondent's motion for summary judgment should be <u>granted</u> and Petitioner's § 2254 petition for writ of habeas corpus should be <u>dismissed</u>.

## PROCEDURAL BACKGROUND

On February 16, 2005, in the Superior Court of Henderson County, Petitioner pled guilty to habitual impaired driving and driving without a license and was sentenced to a consolidated term of 30-36 months imprisonment. Petitioner did not directly appeal his sentence or conviction. On January 9, 2006, Petitioner filed a Motion for Appropriate Relief (MAR) in the Superior Court of Henderson County. On January 31, 2006, Petitioner's MAR was denied. On February 6, 2006, Petitioner filed a Petition for Writ of Certiorari with the North Carolina Court of Appeals which was denied on February 24, 2006.

On March 9, 2006, Petitioner filed the instant federal habeas petition with this Court. In

his federal habeas petition Petitioner asserts that his due process rights were violated because his sentence was ambiguous as to whether it was concurrent or consecutive and the North carolina Department of corrections has run his sentence consecutively to his other sentence. Petitioner also asserts that his equal protection rights have been violated because while his sentence is consecutive, other inmates in similar circumstances received concurrent sentences.

## ANALYSIS

### A. APPLICABLE LAW

The threshold inquiries for a federal court reviewing a federal habeas petition are whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are procedurally barred. 28 U.S.C. § 2254. In order to exhaust a claim a petitioner must have fairly presented it to the state courts. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000), cert. denied, 531 U.S. 1193 (2001).

If a petitioner's claim is unexhausted, it may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court. See id. However, when the procedural bar that gives rise to exhaustion provides an independent and adequate state law ground for the conviction and sentence it prevents federal habeas review of the defaulted claim unless the petitioner can establish cause and prejudice for the default. See id.

If a petitioner's claims are exhausted and not procedurally barred, the federal court must next examine whether or not the petitioner's claims were "adjudicated on the merits" by the state court. If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in 28 U.S.C. § 2254(d) applies. If a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on

the merits,[1] a federal court reviews the claims questions of law and mixed questions of law and fact de novo. Angelone v. Weeks, 176 F.3d 249, 258 (4th Cir. 1999), aff'd, 528 U.S. 225 (2000).

The standard of review set forth in § 2254(d) is to be applied to "all claims 'adjudicated on the merits,' that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999). The standard of review is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001), cert. denied, 535 U.S. 1104 (2002). This deference extends to summary dismissals. See Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001).

Pursuant to § 2254(d) a federal court may not grant a writ of habeas corpus unless the state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ." Id. (internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect

---

[1] If the state court has not ruled on the merits of a claim because it has expressly denied a habeas petitioner's claim based upon an independent and adequate state procedural rule such claim is considered procedurally defaulted in federal court. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

application of federal law, the former being the requisite showing. Therefore, this Court may <u>not</u> issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. <u>Id</u>.

## B. <u>SENTENCE COMPUTATION ERROR</u>

Petitioner alleges that his due process rights were violated when the North carolina Department of Corrections determined that his habitual impaired driving sentence ran consecutive rather than concurrent to his other sentences. Petitioner argues that under North Carolina statutory law his sentence should have been concurrent because the judgment was silent as to whether the sentence was consecutive or concurrent.

Misapplications of state law are not cognizable on federal habeas review. <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); <u>Thomas v. Taylor</u>, 170 F.3d 466, 470 (4th Cir.), <u>cert. denied</u>, 527 U.S. 1016 (1999). While Petitioner makes the broad assertion that his allegedly erroneous state sentence violated his due process rights, he provides no further analysis as to how the alleged misapplication of state law violated his due process rights. Every misapplication of state law is not a violation of due process. This Court does not agree that the alleged state error in the instant case rises to the level of a due process violation. Because claims arising from state law are not cognizable on federal habeas review his claim must fail. <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991).

Moreover, even if Petitioner's claim was cognizable, it would be denied pursuant to 28 U.S.C. § 2254(d). Petitioner raised the substance of his present contention in his MAR and it

was denied.[2] Petitioner cites no Supreme Court precedent which clearly supports his argument. Nor does Petitioner point to any specific facts which he contends the state court unreasonably determined. The state's adjudication is not contrary to, nor involves an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court nor is the state court decision based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings and Petitioner's claim must fail.[3]

## C. EQUAL PROTECTION CLAIM

Petitioner also alleges that his equal protection rights were violated because other inmates in similar circumstances to his received concurrent sentences.

As an initial mater, such conclusory allegations are insufficient. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), cert. denied, 507 U.S. 923 (1993)("a habeas petitioner must come forth with some evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."). Petitioner has presented no evidence whatsoever to support his bare assertion that another inmate in similar circumstances received a different type of sentence.

Moreover, even if a mistake were made on another inmate's sentence, such a mistake

---

[2] The Court notes that, although the MAR court denied Petitioner's MAR it stated that Petitioner's habitual impaired driving sentence should be run concurrently with any other sentences. The MAR court misstated state law. Section 15A-1354 of the North Carolina General Statutes sets forth that " if not specified or not required by statute to run consecutively, sentences shall run concurrently." However, in the instant case, the habitual impaired driving statute specifies that any sentence under that section is to be consecutive. See N.C. Gen. Stat. § 20-138.5(b).

[3] In fact, state statutory law explicitly sets forth that "a person convicted of violating this section [habitual impaired driving] shall be punished as a Class F felon . . . . Sentences imposed under this subsection shall run consecutively with and shall commence at the expiration of any sentence being served." See N.C. Gen. Stat. § 20-138.5(b).

would not entitle Petitioner to federal habeas relief.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Respondent's Motion for Summary Judgment is **GRANTED**; and

2. Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**.

Signed: August 7, 2006

Graham C. Mullen
United States District Judge